UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                       )
THOMAS J. FLATLEY,                     )
                                       )
        Plaintiff,                     )
                                       )
    v.                                 )    C.A. No. 16-564 S
                                       )
SKECHERS, INC., ROBERT GREENBERG,      )
CEO, AND MICHAEL GREENBERG,            )
CHAIRMAN,                              )
                                       )
        Defendants.                    )
_____)
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Defendants' Motion to Dismiss the Complaint as to Defendants Michael Greenberg and Robert Greenberg. (ECF No. 8.) For the reasons set forth below, the Motion is GRANTED.

Pro se Plaintiff alleges that Defendants infringed on his patented shoe-lacing system. (Compl., ECF No. 1.) The Complaint identifies three Defendants: (1) Skechers, Inc. ("Skechers"); (2) Michael Greenberg, Skechers' Chairman; and (3) Robert Greenberg, Skechers' Chief Executive Officer. Defendants move to dismiss the Complaint as to Defendants Michael Greenberg and Robert Greenberg. The Motion argues for dismissal for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. (Mot. to Dismiss, ECF No. 8.)

Plaintiff has not provided an objection to Defendants' Motion, and the deadline for any response has passed.

Plaintiff has the burden of establishing personal jurisdiction. See Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008). While this case involves a pro se Plaintiff, and "the Court must view pro se complaints liberally , . . . pro se litigants are not absolved from compliance with the Federal Rules of Civil Procedure." Saykin v. Donald W. Wyatt Det. Ctr., No. C.A. 07-182ML, 2008 WL 2128059, at *3 (D.R.I. May 20, 2008). Therefore, Plaintiff is required to provide some evidence "sufficient to support findings of all facts essential to personal jurisdiction." Phillips, 530 F.3d at 26.

In this case, Plaintiff has failed to even respond to Defendants' Motion, let alone provide sufficient evidence of personal jurisdiction. Furthermore, a review of the Complaint, even viewed under the liberal standard required for a pro se plaintiff, fails to provide any facts tending to establish personal jurisdiction over Defendants Michael Greenberg and Robert Greenberg. Defendants' Motion to Dismiss the Complaint as to Defendants Michael Greenberg and Robert Greenberg for lack of personal jurisdiction (ECF No. 8) is therefore GRANTED.[1]

---

[1] Defendants also argue that the Complaint against Defendants Michael Greenberg and Robert Greenberg should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Because the Court grants Defendants'

Defendant Skechers is the sole remaining Defendant.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: February 27, 2017

---

Motion pursuant to Rule 12(b)(2), the Court need not address Defendants' Rule 12(b)(6) arguments.